UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TONY RAY LUTES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:24-cv-00217-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER MERRIL | ) | **MEMORANDUM OPINION** |
| and K-9 YANKEE, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On Christmas Eve 2022, Angelique Beatty called 911 to summon police to her apartment in Millersburg, Kentucky. Beatty told the operator that her boyfriend Tony Lutes was refusing to leave and damaging her personal property. Lutes had numerous outstanding felony warrants, so several police officers responded. Among them were Carlisle police officer Merril and his dog, K-9 unit "Yankee." Police stated that they repeatedly warned Lutes that a K-9 unit would be deployed if he did not comply with their orders to come out of the apartment and that he could be bitten if he resisted. After Lutes did not respond to several orders, Yankee was released and bit Lutes on the leg during his apprehension. Before his incarceration, Lutes was treated for his injuries at the scene by EMS and later that evening at the University of Kentucky Hospital. *See Commonwealth v. Lutes*, No. 22-M-00396 (Bourbon Dist. Ct. 2022).[1]

---

[1] The online docket for this criminal proceeding can be reviewed at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=009&court=1&division=DI&caseNumber=22-M-00396&caseTypeCode=MI&client_id=0 (accessed August 14, 2024). On January 25, 2023, Lutes pleaded guilty to First Degree Criminal Trespass and Resisting Arrest for the conduct described. The Court takes judicial notice of undisputed information contained on government websites. *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009).

Lutes has now filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 regarding these events.[2] [R. 1.] Lutes relates a different story. He states that he was face down on his stomach in the bathroom when officer Merril grabbed his left leg, shook it, and gave Yankee a command to attack him, causing extensive harm and permanent injury. He further alleges that the other officers told Merril to "call off" Yankee because Lutes was not resisting. Lutes seeks $52 million in damages from Officer Merril and Yankee for asserted violation of his constitutional rights.[3] [R. 1 at 2, 5.]

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Court has reviewed the Complaint, and will dismiss this action. The Court must dismiss the claims against Yankee with prejudice because a "plaintiff may not bring a claim against a dog." *Rohan v. Sutton*, No. 19-3068-SAC, 2019 WL 2185117, at *2 (D. Kan. May 21, 2019). A dog is not a "person" who can be sued under Section 1983 or state law. *See Jones v. Fransen*, 857 F.3d 843, 847, 856-58 (11th Cir. 2017) (dismissing negligence and civil rights claims asserted directly against police canine who declined to promptly release his bite during apprehension of the

---

[2] Lutes did not pay the $405.00 filing fee or file a motion to proceed *in forma pauperis*. For now, the Court disregards the deficiency in light of its disposition of this matter.

[3] Lutes refers to the Eighth Amendment as the basis for his claims, but it is the Fourth Amendment that applies to a free citizen's claim that police used excessive force during his arrest. *Hughes v. Rodriguez*, 31 F.4th 1211, 1220 (9th Cir. 2022) (*citing Graham v. Connor*, 490 U.S. 386, 393-94 (1989)).

plaintiff); *Young v. Hicks*, No. 5:19-CV-200-TBR, 2020 WL 807538, at *1 (W.D. Ky. Feb. 18, 2020) (same).[4]

The Court must dismiss the claims against officer Merril, without prejudice, because they are premature until Lutes invalidates his conviction for resisting arrest. When a civil rights claim is asserted against an arresting officer, the court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." If it would, the civil rights claim is barred unless and until the conviction is reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

As stated in note 1, *supra*, Lutes pleaded guilty to resisting arrest arising out of the very same conduct upon which his present claims are based. His constitutional claims therefore remain premature unless and until the conviction for resisting arrest is invalidated. *See Cummings v. City of Akron*, 418 F. 3d 676, 682-83 (6th Cir. 2005) (finding *Heck* bar applicable where the "struggle between the plaintiff and the officers gave rise to both the plaintiff's assault conviction and the excessive force claim, and the two are inextricably intertwined") (cleaned up); *see also D'Ambrosio v. Marino*, 747 F. 3d 378, 384 (6th Cir. 2014) ("*Heck* modified the general rule of accrual for § 1983 actions by delaying what would otherwise be the accrual date of a tort action until the setting aside of an *extant conviction* which success in that tort action would impugn. Under *Heck,* a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever."). Dismissal without prejudice is therefore appropriate. *Johnson v. Winstead*, 900 F.3d 428, 436 (7th Cir. 2018)

---

[4] Ailurophiles may similarly take comfort knowing that *felis catus* is also not a "person" within the meaning of Section 1983. *Miles v. City Council of Augusta*, 710 F.2d 1542, 1544 n.5 (11th Cir. 1983).

("The *Heck* bar is normally raised defensively to win dismissal of a § 1983 claim when the plaintiff's conviction has not been overturned; if the bar applies, the plaintiff's claim must be dismissed as premature.").

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Lutes's claims against K-9 "Yankee" are **DISMISSED** with prejudice;
2. Lutes's claims against officer Merril are **DISMISSED** without prejudice; and
3. This matter is **STRICKEN** from the docket.

This the 22nd day of August, 2024.

Gregory F. Van Tatenhove
United States District Judge